IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITRIN SAFEGUARD INSURANCE CO. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 1:22-cv-00927-JRR |
| | : |
| ESTATE OF SUNIL BARAILI, *et al.* | : |
| | : |
| Defendant. | : |

## CONSENT DECLARATORY JUDGMENT

### INTRODUCTION

This is an action for declaratory judgment brought by Unitrin Safeguard Insurance Company (Unitrin Safeguard) against Defendants Estate of Sunil Baraili, Sunita Baraili, Pashaputi Bk, Shanti Bk, Soniya Baraili and Mausum Baraili (collectively "the Baraili Defendants") and Defendants Matthew James Black and Meredith Ashley Walker (collectively "the Passenger Defendants"). Unitrin Safeguard, the Baraili Defendants and the Passenger Defendants are collectively "the Parties."

Plaintiff Unitrin Safeguard issued a Personal Auto Policy, policy number 1140427801, with effective dates 05/10/2021 to 05/10/2022, 12:01 a.m. standard time (the Policy). The Named Insured is Defendant Sunil Baraili, one of the Baraili Defendants. The policy limits for Uninsured Motorist Coverage – Bodily Injury are $100,000 per person, $300,000 per accident. (See the Policy, attached to the Complaint for Declaratory Judgment as Exhibit 3, at New Business Declarations – Personal Auto Policy Form DA 1001MD (07 16), pages 1 and 2 of the Form.)

## RECITALS

WHEREAS the Baraili Defendants filed an original Complaint and two amended Complaints in the Circuit Court of Maryland, Baltimore County, in the case *Sunita Baraili, et al. v. Farmers Insurance Exchange, et al.*, C-03-CV-22-000156 (the State Court Action);

WHEREAS in the State Court Action, the Baraili Defendants made a claim against Unitrin Safeguard, which they misnamed as Kemper Independence Insurance Company, for benefits under the Uninsured/Underinsured Motorist coverage provided the Policy issued to Sunil Baraili, who died in a motor vehicle accident on December 11, 2021.

WHEREAS in the State Court Action, the Baraili Defendants sought judgment for damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000);

WHEREAS the Passenger Defedants were passengers in the vehicle operated by Sunil Baraili that was involved in the December 11, 2021, motor vehicle accident that gave rise to the State Court Action;

WHEREAS the Passenger Defendants have stated an intention to pursue claims for Uninsured/Underinsured Motorist coverage from appropriate insurers who provide such UM/UIM coverage that might apply to the December 11, 2021, motor vehicle accident;

WHEREAS the Passenger Defendants have also stated an intention to pursue a liability claim against Defendant Estate of Sunil Baraili for their alleged injuries and seek to recover from appropriate insurers who provide such liability coverage that might apply to the December 11, 2021, motor vehicle accident;

WHEREAS Plaintiff Unitrin Safeguard filed a Complaint for Declaratory Relief in the above-captioned litigation, *Unitrin Safeguard Ins. Co. v. Estate of Sunil Baraili, et al.*, Case No.: 1:22-cv-00927-BPG (the Declaratory Judgment Action).

WHEREAS in the Declaratory Judgment Action, Unitrin Safeguard seeks the following relief:

A. That this Court issue an order declaring that there is no coverage for any of the Baraili Defendants' claims against it in the State Court Action under the Policy and Unitrin Safeguard is not required to pay them any Uninsured/Underinsured Motorist payments under the Policy; and

B. That this Court issue an order declaring that there is no coverage for the Passenger Defendants' claims, whether sounding in contract or in tort, under the Policy, for claims arising out of the December 11, 2021, motor vehicle collision and Unitrin Safeguard is not required to pay them any Uninsured/Underinsured Motorist payments under the Policy, nor is Unitrin Safeguard required to pay them damages from Part A, Liability Coverage, on behalf of its insured Sunil Baraili or the Estate of Sunil Baraili;

WHEREAS on June 24, 2022, the Passenger Defendants filed their Answer to the Complaint for Declaratory Relief in the Declaratory Judgment Action;

WHEREAS in their Answer, the Passenger Defendants stated "WHEREFORE, having fully answered [Unitrin Safeguard's] Complaint, Defendants respectfully request that *the aforesaid claim and relief requested be granted.*" The Passenger Defendants' Answer at p. 5. (Emphasis added.);

WHEREAS on July 7, 2022, the Baraili Defendants filed their Answer to the Complaint for Declaratory Relief in the Declaratory Judgment Action;

WHEREAS in their Answer, the Baraili Defendants stated "WHEREFORE, having fully answered [Unitrin Safeguard's] Complaint, Defendants respectfully request that *the aforesaid claim and relief requested be granted.*" The Baraili Defendants' Answer at p. 5. (Emphasis added.);

WHEREAS at time of the December 11, 2021, motor vehicle collision, the Baraili Defendants were covered by Farmers Insurance Exchange's Policy No. 606715842, with a policy period from March 1, 29021 to March 1, 2022.

ORDER

THEREFORE the Parties stipulate, consent and agree that this Court has jurisdiction to enter the Consent Declaratory Judgment. It is therefore

FOUND AND DECREED: that there is no coverage for any of the Baraili Defendants' claims against it in the State Court Action under the Policy and Unitrin Safeguard is not required to pay them any Uninsured/Underinsured Motorist payments under the Policy, and it is further

FOUND AND DECREED: that there is no coverage for the Passenger Defendants' claims, whether sounding in contract or in tort, under the Policy, for claims arising out of the December 11, 2021, motor vehicle collision and Unitrin Safeguard is not required to pay them any Uninsured/Underinsured Motorist payments under the Policy, nor is Unitrin Safeguard required to pay them damages from any liability coverage under the Policy for any claims the Passenger Defendants may have against the Baraili Defendants.

IT IS SO ORDERED. Madam Clerk shall close this case.

DATED September 28, 2022

/s/
_____
Hon. Julie R. Rubin
United States District Judge

Respectfully Submitted,

| | |
|---|---|
| UNITRIN SAFEGUARD INSURANCE CO.<br>By Counsel | MATTHEW JAMES BLACK<br>AND MEREDITH ASHLEY WALKER<br>By Counsel, |
| By: */s/ James P. Steele*<br>     James P. Steele, # 13484<br>     David B. Schlosser, # 21825<br>     Carr Maloney P.C.<br>     2000 Pennsylvania Ave., NW<br>     Suite 8001<br>     Washington, DC 20006<br>     T: (202) 310-5500<br>     F: (202) 310-5555<br>     James.steele@carrmaloney.com<br>     David.schlosser@carrmaloney.com<br>     *Counsel for Plaintiff* | By: */s/ Laura E. Bechtel w/ permission*<br>     Laura E. Bechtel, Esq.<br>     Federal Bar No.: 30045<br>     Snee, Lutche, Helmlinger & Spielberger, P.A.<br>     112 South Main Street<br>     Bel Air, Maryland 21014<br>     T: (570) 259-2359<br>     F: (410) 893-8774<br>     E: lbechtel@slhslaw.com<br>     *Counsel for the Defendants Black and Walker* |
| | THE ESTATE OF SUNIL BARAILI<br>AND THE SURVIVING FAMILY<br>MEMBERS OF SUNIL BARAILI<br>By Counsel |
| | By: */s/ John J. Leppler w/ permission*<br>     John J. Leppler, Esq.<br>     Federal Bar No.: 19736<br>     Law Office of John J. Leppler, LLC<br>     600 Washington Avenue, Suite 201<br>     T: (443) 955-1989<br>     F: (443) 327-5069<br>     E: JLeppler@Lepplerinjurylaw.com<br>     *Counsel for the Defendants Estate of Sunil Baraili, et al.* |

Copies to all counsel of record